CARLEEN R. ARLIDGE [SBN79725]
Attorney At Law
1550 The Alameda, Suite 100
San Jose, California 95126
Telephone: (408) 288-8533
Email: craatty@aol.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NAHEED MANJI,<br><br>　　　　Defendant. | No. 18-CR-00260 EJD<br><br>DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

**MOTION**

Defendant Naheed Manji, by and through counsel, hereby moves this Court for an order setting aside the verdict and entering an acquittal as to Counts 1, 2 and 3 of the Indictment. This motion is based upon the Memorandum of Points and Authorities that follows.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

**GENERAL STATEMENT OF THE LAW**

Rule 29(a) of the Federal Rules of Criminal Procedure provides that the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. As noted by the Ninth Circuit, such motion is reviewed on a sufficiency-of-the-evidence standard. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir.2010) (quoting *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998)). Further, under that standard, evidence supports a conviction, if, viewed in the light most favorable to the

government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *Stoddard*, 150 F.3d at 1144).

Rule 33(a) of the Federal Rules of Criminal Procedure states that upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

**FACTUAL OVERVIEW**

Ms. Mangi is charged in Count One of the Indictment with, essentially, knowingly causing the transmission of information that results in causing damage without authorization to a protected computer and thereby causing a loss of more than $5,000. The specific code section alleged is 18 U.S.C. §§1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I). In Count Two Ms. Mangi is charged with, essentially, knowingly causing the transmission of information that results in the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals. The specific code section alleged is 18 U.S.C. §§1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(II). Each of these two counts allege the transmission of information as opposed to accessing a computer. However, in Count Three Ms. Mangi is, essentially, charged with intentionally accessing a protected computer without authorization and obtaining information. The specific code section alleged is 18 U.S.C. §§1030(a)(2)(C).

Following the close of evidence, as to Counts One and Two, the jury was charged with case-modified versions of 9th Cir. Model Criminal Instruction No. 15.27; stating the alleged action as transmission, not accessing, within the first element. And for Count Three, the jury was charged with a case-modified version of 9th Cir. Model Criminal Instruction No. 15.24; stating the alleged action as accessing a computer, not transmitting.

**THE APPLICABLE STATUTES**

18 U.S.C. §1030[1] has many different crimes included within it, some concern the act of accessing a computer and others concern the act of transmitting of information. For example, §1030(a)(5)(A), the crimes charged in this case, concern transmitting while §1030(a)(5)(B) concerns accessing and is not charged in this case.

---

[1] Unless otherwise stated, all references to code sections refer to Title 18 of the United States Code.

18 U.S.C. §1030 also has different penalties included within it, depending, in part, on the consequences of the act. For example, when the conduct is charged under §1030(a)(5)(A) and there is an allegation that the transmission caused a monetary loss of more than $5,000, the penalty is listed under §§1030(c)(4)(B)( i), (c)(4)(A)( i)(I). As another example, when the conduct is charged under §1030(a)(5)(A) and there is an allegation that the transmission caused harm regarding certain medical matters for one or more individuals, the penalty is listed under §§1030(c)(4)(B)( i), (c)(4)(A)( i)(II).

**ARGUMENT**

**A.   The Evidence Is Insufficient to Establish That Ms. Mangi Caused Any Transmission as Alleged in Counts One and Two.**

At the trial, the Government alleged that Ms. Mangi was the person who used the Samsung computer found by law enforcement at her apartment during the search to transmit information to the CMed database through the AT&T WiFi account assigned to her. The evidence presented in this case is insufficient to establish that the Samsung introduced into evidence was the computer that was used for the transmission to the database. The evidence is insufficient to establish that Ms. Mangi was the person who transmitted the information to the database.

**B.   The Evidence Is Insufficient to Establish That Ms. Mangi's Transmission Caused Harm through a Modification or Impairment, or Potential Modification or Impairment, of the Medical Examination, Diagnosis, Treatment, or Care of an Individual as Alleged in Count Two.**

While accurately reflecting the Indictment in this case, the instructions to the jury and the verdict returned by the jury as to Count Two inaccurately reflects the applicable code section. Therefore, the verdict should be set aside and an acquittal entered as to that Count.

In this case, Count Two is a charge of transmitting, not accessing. The applicable subdivision of §1030(a)(5) when charging conduct involving transmitting is (A). While the applicable subdivision of §1030(a)(5) when charging conduct involving accessing is (B).

When the crime charged concerns transmitting, as it does in this case, the facts to be established for the purpose of determining sentence falls under §1030 subdivision (c)(4)(B)(i) along with §1030 subdivision (c)(4)(A)(i)(II). Therefore, by the specific language of under §1030 subdivision (c)(4)(B)(i), it is required that the defendant's transmission **caused a harm.**

At trial, the Government's argument essentially was that the charge is proven if, down the line, over a period of time, irrespective of other safeguards, the transmission might cause a modification or impairment of a person's medical examination, diagnosis, treatment or care of an individual. This potential to cause harm argument is an inaccurate reading of the statute when the crime charged is one of transmitting.

In requiring that harm was caused, there is no language in that subsection allowing for consideration of "potential" to cause harm. Further, the import of the inclusion of the requirement of (actually) causing harm in the subdivision pertaining to the charge of transmission and not including that phrase in the subdivision pertaining to the charge of accessing is clear and should not be ignored.

In this case, there is no evidence that any harm occurred by the transmission.

### C. The Evidence Is Insufficient to Establish That by Accessing a Computer, Ms. Mangi "Obtained" Information from a Computer as Charged in Count Three.

With respect to Count Three, §1030(a)(2)(C) prohibits unlawfully **obtaining** information from a protected computer. At trial, the Government argued that simply viewing the CMed database qualified as "obtaining" information. This is not correct. This statute does not prohibit simply accessing a protected computer or even browsing the information once accessed. Information must be obtained from that access.

In this case, there is no evidence to suggests that Ms. Mangi printed out, recorded, or used the information she browsed. No rational jury could conclude beyond a reasonable doubt that she intended to use or disclose that information, and merely viewing information should not be deemed the same as obtaining something. *See, e.g.*, *United States v. Czubinski*, 106 F.3d 1069, 1078-79 (1st Cir. 1997) (discussing the application of the CFAA in a criminal context to a person convicted for browsing through IRS files but not sending or obtaining that information).

### D. Should the Motion for Judgment of Acquittal be Denied, The Motion for New Trial Should be Granted.

As noted in *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992), a district court's power to grant a motion for a new trial is much broader than its power to grant a motion for

judgment of acquittal. Given the above arguments, it would be in the interest of justice to grant Ms. Mangi a new trial.

**CONCLUSION**

For the foregoing reasons, the verdict as to each count should be set aside and a acquittal entered pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Alternatively, the Court should vacate the judgment and grant a new trial.

Dated: March 31, 2025                              Respectfully submitted,

/s/

CARLEEN R. ARLIDGE
Attorney For Defendant

DEFENDANT MANJI'S RULE
29 AND 33 MOTIONS                                      5