CARLEEN R. ARLIDGE    SBN79725
Attorney At Law
1550 The Alameda, Suite 100
San Jose, California 95126
Telephone: (408) 288-8533
Email: craatty@aol.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 18-CR-00260 EJD |
| Plaintiff, ) | |
| vs. ) | DEFENDANT'S SENTENCING MEMORANDUM |
| NAHEED MANGI, ) | |
| Defendant. ) | |

**INTRODUCTION**

Over 12 years ago, Ms. Mangi was fired from her position at the Cancer Clinical Trials Office of Stanford University. Five years later, Ms. Mangi was arrested and charged with unlawful accessing and altering information in an electronic clinical database on the evening of her being fired; this year she was found guilty of the charges. In light of the information contained in the Presentence Report and as discussed herein, is requested that the Court impose a one year period of probation with no home detention.

**SENTENCING GUIDELINES**

Except as noted herein, it is requested that the Court adopt the following sentencing guidelines:

| | |
|---|---|
| Base Offense Level [USSG §2B1.1(a)(2)]: | 6 |
| Specific Offense Characteristic [USSG §2B1.1(b)(1)(B)]: | +2 |

The defense reasserts its objection to the application of guideline concerning loss and submits that objection to the Court.

Specific Offense Characteristic [USSG §2B1.1(b)(19)(A)(ii)]:        +4

| | |
|---|---|
| Adjusted Offense Level:<br>(Depending on ruling on the above objection) | 10 or 12 |
| Chapter Four Adjustment [USSG §4C1.1(a) and (b)] | -2 |
| Total Offense Level:<br>(Depending on ruling on the above objection) | <u>8 or 10</u> |

The Presentence Report sentencing guideline calculation included an additional two points for a specific offense characteristic concerning the intent of a defendant, specifically USSG §2B1.1(b)(18)(A). The defense submitted an objection to the application of this guideline and reasserts that objection here.

USSG 2B1.1(b)(18) reads:

"If (A) the defendant was convicted of an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information... increase by 2 levels."

The focus of this specific offense characteristic is the intent of the defendant at the time of the offense, specifically, the intent to obtain personal information. During the trial in this case, there was no evidence that Ms. Mangi's intent was to obtain personal information or confidential health information. The evidence at trial was that Ms. Mangi accessed the database with the intent to enter comments and other information. As such, this specific offense characteristic does not apply.

As to the criminal history computation, the defense agrees that the criminal history score is zero.

**VARIANCE**

Whether the Court determines the total offense level at 8, 10 or 12, under the circumstances of this case the sentence should be to a period of time on probation. Ms. Mangi has no prior convictions. In the 12 years following the date of the offenses, Ms. Mangi has had no unrelated arrests nor involvement with the criminal justice system. Notably, for the seven years since her arrest, Ms. Mangi has complied with her conditions of release. She is 70 years old and has lived at the same address for the past 28 years. Ms. Mangi is currently unemployed, living a solitary life on her social security and savings.

//

Surely, Ms. Mangi has demonstrated her willingness and ability to continue to live a law-abiding life.  Further, she has clearly shown no inclination to reoffend.  It is therefore requested that a probationary sentence be imposed.

Dated: November 13, 2025                    Respectfully submitted,


                                            /s/

                                            Carleen R. Arlidge
                                            Attorney for Defendant